COURT OF APPEALS
DECISION
DATED AND FILED

October 11, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1641**

STATE OF WISCONSIN

Cir. Ct. No. 2020CV1213

IN COURT OF APPEALS
DISTRICT III

PAUL E. VAN DREEL,

PLAINTIFF-APPELLANT,

V.

IEI GENERAL CONTRACTORS INC., BOLDT COMPANY, WISCONSIN PUBLIC SERVICE CORPORATION, BROWN COUNTY C-LEC LLC, DN TANKS INC., DEGROOT INC., AG EXCAVATING INC., TOWN OF LEDGEVIEW, TOWN OF LEDGEVIEW SANITARY DISTRICT NO. 2, CENTRAL BROWN COUNTY WATER AUTHORITY AND ACUITY, A MUTUAL INSURANCE GROUP,

DEFENDANTS-RESPONDENTS.

APPEAL from an order of the circuit court for Brown County: BEAU LIEGEOIS, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Paul E. Van Dreel appeals an order dismissing his claims against IEI General Contractors Inc., Boldt Company, Wisconsin Public Service Corporation, Brown County C-LEC LLC, DN Tanks Inc., Degroot Inc., AG Excavating Inc., the Town of Ledgeview, the Town of Ledgeview Sanitary District No. 2, the Central Brown County Water Authority, and Acuity, a Mutual Insurance Group (collectively, "the Defendants").   We conclude the circuit court properly determined that the doctrine of claim preclusion bars Van Dreel's claims. We therefore affirm.

### BACKGROUND

¶2     According to Van Dreel's amended complaint in the instant case, Van Dreel previously owned the entirety of a forty-acre property termed "Parcel D-235" in the Town of Ledgeview, Wisconsin.   On May 20, 2002, Van Dreel recorded a "mineral deed," which purported to convey "an undivided interest in all of the oil, gas, and other minerals in and under" Parcel D-235 to Van Dreel's mother, Marion Van Dreel, in exchange for $1.00.[1]

¶3     At the time the mineral deed was recorded, the Town of Ledgeview ("the Town") was seeking to condemn Parcel D-235 for public use—specifically, for the placement of public water transmission, storage, and distribution facilities and storm water management facilities.   On May 28, 2002—eight days after

---

[1] Throughout the remainder of this opinion, we refer to Paul E. Van Dreel as "Van Dreel" and to Marion Van Dreel by her first name.  We refer to Van Dreel and Marion, collectively, as "the Van Dreels."

Van Dreel recorded the mineral deed—the Town made a jurisdictional offer of $350,000 to both Van Dreel and Marion. The jurisdictional offer stated that "the interest in land sought to be taken is fee simple interest." On June 18, 2002, the Town deposited $348,207.46 with the clerk of the circuit court, which was the amount of the jurisdictional offer less the outstanding real estate taxes for the property.

¶4 In July 2002, the Van Dreels filed a lawsuit challenging the condemnation of Parcel D-235. The Van Dreels alleged, among other things, that the Town could not condemn Parcel D-235 in its entirety because, "due to separate ownership of mineral rights from the remaining fee rights of the property, which rights are owned separately by Paul Van Dreel and Marion H. Van Dreel, separate appraisals are required, separate negotiations are required, and separate damage awards are required." The Van Dreels further asserted that there was "no notification of rights, appraisal, negotiation, or other required statutory proceedings undertaken with regard to Marion H. Van Dreel pursuant to Chapter 32 Wisconsin Statutes at any time despite the fact she was the owner of mineral rights prior to a jurisdictional offer being made in these proceedings." The Van Dreels sought a judgment "declaring the rights and interests of the parties pursuant to these condemnation proceedings" and also sought to enjoin the Town from condemning Parcel D-235.

¶5 In October 2002, the Honorable Sue E. Bischel entered a judgment declaring that the Town "had the statutory right to take the subject property of Plaintiffs, Paul Van Dreel and Marion Van Dreel[,] pursuant to [WIS. STAT.

§ 32.05].”[2]  The Van Dreels subsequently filed a petition asking Judge Bischel to disburse separate payments of $284,781.38 to Van Dreel and $36,500 to Marion in compensation for the Town's taking of Parcel D-235.[3]  Following a hearing, Judge Bischel issued an order in November 2002 disbursing the funds that the Town had previously deposited with the circuit court clerk in the manner and amounts that the Van Dreels requested.  It is undisputed that the Van Dreels did not appeal the final judgment entered in the 2002 case.

¶6      In January 2015, Marion Van Dreel executed a second "mineral deed," which purported to be effective as of January 1, 2003.  This second mineral deed, which was recorded in February 2015, ostensibly transferred the mineral rights for Parcel D-235 back to Van Dreel, in exchange for $1.00.[4]

¶7      In December 2020—approximately eighteen years after the conclusion of the 2002 case—Van Dreel filed the instant lawsuit against the Town and various other defendants.[5]  The complaint alleged that Van Dreel was the "sole owner" of the mineral rights in Parcel D-235 and that the Defendants'

---

[2] Judge Bischel's decision presumably referred to the 2001-02 version of WIS. STAT. § 32.05.  All further references to the Wisconsin Statutes in this opinion are to the 2021-22 version.

[3] The Van Dreels also asked the circuit court to disburse $26,926.08 to a creditor of Van Dreel.

[4] On appeal, Van Dreel asserts that Marion executed the 2015 mineral deed "after [the Town] attempted to get her to quit claim the Mineral Rights to them without compensation."  As the Defendants note, however, Van Dreel did not make this allegation in his amended complaint in the instant lawsuit, nor does he cite any portion of the record to support it.

[5] According to Van Dreel's amended complaint, the Town partitioned Parcel D-235 to convey a portion of the property to the Central Brown County Water Authority in 2006 and another portion to the Town of Ledgeview Sanitary District in 2012.  The amended complaint alleged that the other named defendants had either received easements across Parcel D-235 since the taking or had undertaken construction projects on the property since that time.

actions had infringed on those rights. Van Dreel later filed an amended complaint, and the Defendants filed motions to dismiss. Among other things, the Defendants asserted that, pursuant to the doctrine of claim preclusion, Judge Bischel's final judgment in the 2002 lawsuit foreclosed "any argument about a surviving, severed mineral interest" in Parcel D-235.

¶8 Following a hearing, the circuit court granted the Defendants' motions to dismiss in an oral ruling. The court reasoned that "the claim at issue in this complaint has already been litigated, tried, and decided by Judge Bischel in the 2002 lawsuit." The court specifically noted that the 2002 case "was brought by Paul Van Dreel, the same plaintiff we have here, and Marion Van Dreel" and was "a civil complaint against [the Town] that concerned the same parcel of property." The court also observed that the mineral rights were "expressly mentioned in paragraphs number 4, 8, 9, and 13 of the complaint in" the 2002 case and were also addressed in the Town's answer in that case. The court continued:

> Judge Bischel's decision was that the Town had the statutory right to take the subject property. There is nothing in the record indicating any property was carved out or divided or divisible. The record was conclusive that it was the property in its entirety that she ruled on, both surface and subsurface. There is a record in [the 2002 case] that the mineral rights were no secret at that time in that lawsuit. They were known to both parties. It was present and considered by both parties in that lawsuit. The plaintiff was affirmatively aware of it by addressing it in the complaint, and the Town addressed the mineral rights in [its] response to the complaint.

The court also noted that there were no documents showing that the mineral rights "were severed from the claim" in the 2002 case.

¶9 The circuit court subsequently entered a written order granting the Defendants' motions to dismiss "on [the] grounds that the Plaintiff's claims

asserted herein are barred by the doctrine of claim preclusion." Van Dreel now appeals.

## DISCUSSION

¶10    In his brief-in-chief, Van Dreel frames the issue on appeal as whether he had "proper standing" to bring his claims in the instant case, "all of which were based on his ownership of the mineral rights" for Parcel D-235. Van Dreel asserts that the resolution of this issue requires us to determine:  (1) "whether the mineral rights were properly severed from the surface rights prior to the surface rights being taken by" the Town; and (2) "whether the circuit court ruling in [the 2002 case] granted the mineral rights to [the Town] as part of its taking of the surface property, or whether said ruling did not include those rights at all."

¶11    Van Dreel's framing of the issues fails to address the grounds on which the circuit court ruled.  Although the court briefly mentioned the concept of standing during its oral ruling, the court ultimately granted the Defendants' motions to dismiss based on the doctrine of claim preclusion.  As the Defendants correctly note, Van Dreel does not even mention the elements of claim preclusion in his appellate briefs, much less explain which of those elements he believes are not satisfied.  We agree with the Defendants that Van Dreel "does not and cannot identify any error in the court's analysis of claim preclusion."

¶12    Whether claim preclusion applies under a given factual scenario is a question of law that this court reviews independently.[6]  *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 551, 525 N.W.2d 723 (1995).  The doctrine of claim preclusion is "designed to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other hand." *Id.* at 550 (citation omitted).  Under claim preclusion, "a final judgment is conclusive in all subsequent actions between the same parties [or their privies] as to all matters which were litigated or which might have been litigated in the former proceedings." *Id.* (alteration in original; citation omitted).  For claim preclusion to apply, three elements must be satisfied: "(1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and, (3) a final judgment on the merits in a court of competent jurisdiction." *Id.* at 551.

---

[6] Both Van Dreel and the Defendants assert that the standard of review for motions to dismiss is applicable in this case.  At two points in his brief-in-chief, however, Van Dreel also suggests that the circuit court granted summary judgment in favor of the Defendants, rather than granting their motions to dismiss.  In response, the Defendants assert that this appeal involves "a motion to dismiss, *not* a motion for summary judgment as Mr. Van Dreel's opening brief claims."

Claim preclusion—sometimes called res judicata—is one of the defenses that can be raised in a motion to dismiss.  *See* WIS. STAT. § 802.06(2)(a)8.  However, if "matters outside of the pleadings are presented to and not excluded by the court" on a motion asserting the defense of claim preclusion, "the motion shall be treated as one for summary judgment and disposed of as provided in [WIS. STAT. §] 802.08." Sec. 802.06(2)(b).

In this case, it is clear that matters outside the pleadings were presented to the circuit court in support of the Defendants' motions to dismiss and were not excluded.  Consequently, the motions should have been treated as motions for summary judgment.  Nevertheless, regardless of whether the motions were properly treated as motions to dismiss or motions for summary judgment, the ultimate issue of whether claim preclusion applies under the facts presented is a question of law that we review independently.  *See Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 551, 525 N.W.2d 723 (1995).  Notably, while Van Dreel at times characterizes the court's ruling as a summary judgment decision, he does not argue that any genuine issues of material fact prevented the court from granting summary judgment in favor of the Defendants based on the doctrine of claim preclusion.  *See* WIS. STAT. § 802.08(2).

¶13    We agree with the Defendants that, under the undisputed factual circumstances of this case, all three of the elements of claim preclusion have been satisfied. First, there is an identity between the parties or their privies in this case and the 2002 lawsuit. *See id.* Van Dreel was a plaintiff in both lawsuits and named the Town as a defendant in both cases. Although Van Dreel named other parties as defendants in the instant case, several of those parties were granted interests in Parcel D-235 since the 2002 lawsuit, and the remaining parties have been involved in construction projects on the property since that time. We conclude that these additional defendants are in privity with the Town, for purposes of claim preclusion, because their interests in the current lawsuit are so identified with those of the Town that their interests were represented by the Town in the prior case. *See Pasko v. City of Milwaukee*, 2002 WI 33, ¶18, 252 Wis. 2d 1, 643 N.W.2d 72 ("[P]rivity compares the interests of a party to a first action with a nonparty to determine whether the interests of the nonparty were represented in the first action.").

¶14    Second, there is an identity between the causes of action in the instant case and the 2002 lawsuit. *See Northern States Power Co.*, 189 Wis. 2d at 551. "Wisconsin has adopted a transactional approach to determining whether two suits involve the same cause of action." *Id.* at 553. Under the transactional approach, the question is whether the two lawsuits arose out of the same transaction, incident, or factual situation. *See id.* at 554. Stated differently, we must consider whether the two lawsuits share "a common nucleus of operative facts." *See Kruckenberg v. Harvey*, 2005 WI 43, ¶26, 279 Wis. 2d 520, 694 N.W.2d 879.

¶15    In the 2002 case, Van Dreel challenged the Town's condemnation of Parcel D-235, arguing, among other things, that the Town could not condemn that

property in its entirety due to Marion's separate ownership of the mineral rights. Similarly, in this lawsuit, Van Dreel asserts that he is the "sole owner" of the mineral rights in Parcel D-235 because: Marion was the owner of those rights at the time of the condemnation; the condemned property did not include the mineral rights; and Marion transferred the mineral rights back to Van Dreel in 2015. Thus, both lawsuits arose out of the same transaction, incident, or factual situation—namely, the Town's condemnation of Parcel D-235. *See Northern States Power Co.*, 189 Wis. 2d at 554. Moreover, while before the circuit court in the instant case, Van Dreel conceded that he "raised the issue of the mineral rights" in the 2002 lawsuit.

¶16 Third, the 2002 case resulted in "a final judgment on the merits in a court of competent jurisdiction." *See id.* at 551. In October 2002, Judge Bischel entered a judgment declaring that the Town had the "statutory right to take the subject property of Plaintiffs, Paul Van Dreel and Marion Van Dreel." Judge Bischel subsequently entered an order disbursing $284,781.38 to Van Dreel and $36,500 to Marion as compensation for the taking. We agree with the circuit court that the record conclusively shows that Judge Bischel's ruling encompassed "the property in its entirety … both surface and subsurface." Stated differently, the issue of the ownership of the mineral rights was actually litigated and decided

9

in the 2002 case, which resulted in a final judgment on the merits in a court of competent jurisdiction.[7]

¶17    Van Dreel asserts that any ruling regarding the mineral rights would have been improper in 2002 because the issue was not yet ripe. As noted above, however, Van Dreel conceded in the circuit court that he "raised the issue of the mineral rights" in the 2002 lawsuit. We agree with the Town that it is unclear why Van Dreel would have raised the issue of the mineral rights in the 2002 lawsuit if it was not ripe at that time. Furthermore, Van Dreel does not explain why Marion was awarded $36,500 in 2002 in compensation for the Town's taking of Parcel D-235 if the mineral rights issue was not ripe.

¶18    In his reply brief, Van Dreel argues for the first time that Judge Bischel lacked subject matter jurisdiction in 2002 "to transfer the Mineral

---

[7] In **Barbian v. Lindner Bros. Trucking Co.**, 106 Wis. 2d 291, 297, 316 N.W.2d 371 (1982), our supreme court held that "a declaratory judgment is only binding as to matters which were actually decided therein and is not binding to matters which 'might have been litigated' in the proceeding." Van Dreel argues that the **Barbian** exception to claim preclusion is applicable here because the 2002 lawsuit sought a declaratory judgment. In response, the Defendants assert that the **Barbian** exception does not apply because Van Dreel did not *solely* seek declaratory relief in the 2002 case. Because we conclude that the issue of the ownership of the mineral rights was actually litigated and decided in the 2002 case, we need not address the parties' arguments regarding whether the **Barbian** exception is applicable here.

Aside from arguing that the **Barbian** exception applies in this case, Van Dreel does not raise any other argument in his brief-in-chief addressing whether claim preclusion bars his present claims. Instead, Van Dreel's arguments go to whether Judge Bischel's decision regarding the mineral rights in the 2002 case was erroneous. For instance, Van Dreel argues that the mineral rights were "properly severed and transferred" prior to the jurisdictional offer and were therefore "distinct from the surface estate taken by [the Town]." Van Dreel also argues that the Town "never made a separate jurisdictional offer to Marion … for the severed mineral rights and therefore could not have constitutionally taken those rights." In light of our decision that claim preclusion bars Van Dreel's present claims, we need not address Van Dreel's arguments regarding any alleged errors in Judge Bischel's decision. As noted above, Van Dreel chose not to appeal the final judgment in the 2002 case.

Rights estate from Marion … to the Town[.]" Apparently, Van Dreel means to argue that to the extent Judge Bischel's final judgment in the 2002 case encompassed the mineral rights, that judgment was not entered by a court of "competent jurisdiction." *See Northern States Power Co.*, 189 Wis. 2d at 551. We need not address Van Dreel's argument that Judge Bischel lacked subject matter jurisdiction because his argument on this point is undeveloped. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992); *see also Teigen v. Wisconsin Elections Comm'n*, 2022 WI 64, ¶44, 403 Wis. 2d 607, 976 N.W.2d 519, *reconsideration denied*, 2022 WI 104 (noting that "[w]ith few exceptions, 'a circuit court is never without subject matter jurisdiction'" (citation omitted)). Furthermore, we need not address an argument that is raised for the first time in a reply brief. *A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998).

¶19 Finally, Van Dreel also asserts in his reply brief that "issue preclusion applies only to claims that were actually litigated and determined." As discussed above, we conclude that the issue regarding the mineral rights was actually litigated and decided in the 2002 case. Furthermore, like the circuit court, we conclude that Van Dreel's present lawsuit is barred by the doctrine of claim preclusion, not issue preclusion. Any arguments regarding issue preclusion are therefore irrelevant.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.